UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JAMES B. FETTERS,

    Plaintiff,                                        Case No. 3:22-cv-17

vs.

LOUIS DEJOY,                                    District Judge Michael J. Newman
POSTMASTER GENERAL,

    Defendant.

---

**ORDER: (1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT (Doc. Nos. 42, 43, 44, 45); (2) GRANTING SUMMARY JUDGMENT WITH RESPECT TO PLAINTIFFS' DISABILITY DISCRIMINATION CLAIMS AND DENYING SUMMARY JUDGMENT REGARDING PLAINTIFFS' FAILURE TO ACCOMMODATE CLAIMS; (3) SCHEDULING A JURY TRIAL FOR NOVEMBER 12, 2024 AT 9:30 A.M. FOR ALL CONSOLIDATED CASES (Case Nos. 3:22-CV-17; 3:22-CV-19; 3:22-CV-21; 3:22-CV-22) IN COURTROOM 4; (4) SCHEDULING A FINAL PRETRIAL CONFERENCE ON OCTOBER 17, 2024 AT 2:00 P.M. IN COURTROOM 4; (5) ORDERING THE PARTIES TO COMPLY WITH THE CIVIL STANDING ORDER FOR ALL REMAINING DEADLINES; AND (6) REMINDING THE PARTIES OF THE AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO MEDIATE THIS DISPUTE**

---

      This civil case, premised on federal question jurisdiction, is before the Court upon Defendant Postmaster General's four motions for summary judgment, filed separately as to each Plaintiff. Doc. Nos. 42, 43, 44, 45. Plaintiffs Davis, Dolan, Fetters, and Vulgamore filed individual memoranda in opposition. Doc. Nos. 47, 48, 49, 50. Defendant replied. Doc. Nos. 53, 54, 55, 56. These motions are ripe for review. All sides are represented by counsel.

      Plaintiffs are current employees at the United States Postal Service ("USPS") Washington Township Post Office in the Dayton District and were so employed at all times relevant to this

lawsuit. *See* Doc. Nos. 42, 43, 44, 45. Plaintiffs filed individual lawsuits[1] in January 2022, alleging disability discrimination and failure to accommodate in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq*. The parties completed discovery; accordingly, consideration of the summary judgment motions is appropriate.

## I.

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The burden is on the moving party to conclusively show no genuine issue of material fact exists. *Celotex*, 477 U.S. at 323; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Fed. R. Civ. P. 56(c)(1)(A) and (B). A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, "[t]he non-moving party . . . may not rest upon [his or her] mere allegations or denials of the adverse party's pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009)

---

[1] *See* Case No. 3:22-cv-19 (*Vulgamore v. Postal Service*); Case No. 3:22-cv-21 (*Dolan v. Postal Service*); Case No. 3:22-cv-22 (*Davis v. Postal Service*). The cases were temporarily consolidated for the purposes of briefing on dispositive motions. *See* Doc. No. 32.

2

(citations omitted).

## II.

### A. Disability Discrimination in Violation of the Rehabilitation Act

Although each Plaintiff alleges both disability discrimination and failure to accommodate in violation of the Rehabilitation Act as seemingly separate claims for relief, *see* Doc No. 1, none of the Plaintiffs address the issue of disability discrimination in their briefs opposing summary judgment. *See generally* Doc. Nos. 47, 48, 49, 50. Accordingly, the Court finds that Plaintiffs have waived any disability discrimination argument and grants summary judgment to Defendant regarding those claims. *See Alexander v. Carter for Byrd*, 733 F. App'x 256, 261 (6th Cir. 2018) ("When a plaintiff 'fails to address [a claim] in response to a motion for summary judgment,' the claim is deemed waived") (citation omitted); *Brown v. VHS of Mich., Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013) ("This Court's jurisprudence on abandonment of claims is clear: a plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment") (citation omitted). Defendant is therefore entitled to summary judgment as it relates to each individual Plaintiff's disability discrimination claim.

### B. Failure to Accommodate in Violation of the Rehabilitation Act

The Court has fully and carefully reviewed the record, briefs, and parties' arguments in this matter and finds genuine disputes of material fact related to each Plaintiff's failure to accommodate claim that cannot be resolved on summary judgment. The Court shall not enter "the jury box to consider the credibility of witnesses and evidence in resolving conflicts of material fact in disposing of the summary judgment motion[s]" here, considering that the jury has the best vantage point to decide these issues. *Flynt v. Brownfield, Bowen & Bally*, 882 F.2d 1048, 1053 (6th Cir. 1989) (Krupansky, J., dissenting). Defendant is thus not entitled to judgment as a matter

of law on that claim.

### III.

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's motions for summary judgment (Doc. Nos. 42, 43, 44, 45). Each Plaintiff's individual claim for disability discrimination is **DISMISSED**, and summary judgment is **GRANTED** as to those claims. The failure to accommodate claims, however, remain active, and summary judgment is **DENIED** as to those claims. The Court **SCHEDULES** the consolidated jury trial (Case Nos. 3:22-cv-17, 3:22-cv-19, 3:22-cv-21; 3:22-cv-22) for **November 12, 2024 at 9:30 A.M. in Courtroom 4**. The Court also **SCHEDULES** a final pretrial conference for **October 17, 2024 at 2:00 P.M. in Courtroom 4**. The Court reminds the parties that mediation with a United States Magistrate Judge is available as a means of resolving the case at no cost to the parties. If the parties are interested in participating in mediation, they are instructed to call Claire McDowell at (937) 512-1641 to schedule the mediation. Finally, the parties are **ORDERED** to comply with Judge Newman's Civil Standing Order for all related deadlines, including filing motions *in limine*, submitting proposed jury instructions, and providing exhibits to the Court before trial.

**IT IS SO ORDERED.**

  July 30, 2024                                                    s/Michael J. Newman
                                                                           Hon. Michael J. Newman
                                                                           United States District Judge